FILED SEP 0 6 2013 IN THIS OFFICE Clerk U.S. District Court Greensboro, N.C. By

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:13CR186-6 |
| v. | : | |
| ANGELA MICHELLE BECK | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, ANGELA MICHELLE BECK, in her own person and through her attorney, Helen L. Parsonage, and state as follows:

1. The defendant, ANGELA MICHELLE BECK, is presently under Superseding Indictment in case number 1:13CR186-6, which in Count One charges her with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), as to object one, conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, as to object two, conspiracy to manufacture 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, as to object three, conspiracy to possess pseudoephedrine, knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine, and as to object four, conspiracy to possess equipment, chemicals, products, and materials which may be used in the manufacture of methamphetamine; which in Count Eleven charges her with a violation of Title 21, United States Code, Sections

841(a)(1) and (b)(1)(C), possession with intent to distribute approximately ten grams of a mixture and substance containing a detectable amount of methamphetamine; which in Counts Twelve and Sixteen charge her with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime; which in Counts Fourteen and Seventeen charge her with a violation of Title 18, United States Code, Section 856(a)(1) and (b), maintaining a drug-involved premises; and which in Count Fifteen charges her with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possession with intent to distribute approximately two grams of a mixture and substance containing a detectable amount of methamphetamine.

2. The defendant, ANGELA MICHELLE BECK, will enter a voluntary plea of guilty to object one of Count One and Count Twelve of the Superseding Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

   a. The defendant, ANGELA MICHELLE BECK, understands that, as to object one of Count One of the Superseding Indictment herein, she shall be sentenced to a term of imprisonment of not less than 10 years or more than life, and a fine not to exceed $10,000,000, or both. The defendant also understands that any sentence imposing

2

a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

b. The defendant, ANGELA MICHELLE BECK, understands that because object one of Count One relates to felony violations involving a listed chemical, the defendant may be enjoined from engaging in any transaction involving a listed chemical for not more than ten years, pursuant to Title 21, United States Code, Section 841(e).

c. The defendant, ANGELA MICHELLE BECK, understands that the statutory penalty for Count Twelve of the Superseding Indictment herein provides that she shall be sentenced to a term of imprisonment of not less than five years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; and that she cannot be placed on probation or receive a suspended sentence. Defendant further understands that the maximum fine for Count Twelve of the Superseding Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ANGELA MICHELLE BECK, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the

3

provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    d.    The defendant, ANGELA MICHELLE BECK, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    e.    The defendant, ANGELA MICHELLE BECK, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    f.    The defendant, ANGELA MICHELLE BECK, understands that if she is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status. The defendant, ANGELA MICHELLE BECK,

4

nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to object one of Count One and Count Twelve of the Superseding Indictment herein, the defendant, ANGELA MICHELLE BECK, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ANGELA MICHELLE BECK, is going to plead guilty to object one of Count One and Count Twelve of the Superseding Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, ANGELA MICHELLE BECK, to object one of Count One and Count Twelve of the Superseding Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining objects to Count One

5

and remaining counts of the Superseding Indictment herein as to the defendant, ANGELA MICHELLE BECK. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

  b. It is understood that if the Court determines at the time of sentencing that the defendant, ANGELA MICHELLE BECK, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  c. The defendant, ANGELA MICHELLE BECK, agrees that the substance involved in the offense alleged in object one of Count One of the Superseding Indictment herein for which she is accountable is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

  d. The defendant, ANGELA MICHELLE BECK, agrees to and does hereby abandon any interest that she has in the firearms set out in Count Twelve of the Superseding Indictment herein.

  e. It is further agreed by and between the United States and the defendant, ANGELA MICHELLE BECK, that, in exchange for the Government's dismissal of objects two, three and four of Count One

6

and the remaining counts in the Superseding Indictment herein, the defendant, ANGELA MICHELLE BECK, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6. The defendant, ANGELA MICHELLE BECK, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, ANGELA MICHELLE BECK, reserve the right to bring to the

Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, ANGELA MICHELLE BECK, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which she is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the  6  day of  SEPT , 2013.

RIPLEY RAND
United States Attorney

_____
GRAHAM T. GREEN
NCSB #22082
Assistant United States Attorney
   251 N. Main Street
   Winston-Salem, NC  27101
   336/631-5268

_____
HELEN L. PARSONAGE
Attorney for Defendant

_____
ANGELA MICHELLE BECK
Defendant